IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICAELA GIUHAT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:14-cv-00644-P |
| | § | |
| GENBAND HOLDINGS CO., GENBAND | § | |
| MGMT SERVICES CORP., GENBAND | § | |
| US, LLC (f/k/a GENBAND INC.), | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Defendants GENBAND Holdings Co., GENBAND Management Services Corp., and GENBAND US LLC (collectively as "Defendants"), submit their Original Answer and Affirmative Defenses to Plaintiff's Original Complaint and Jury Demand ("Complaint") as follows:

Defendants deny any allegations contained in the un-numbered first paragraph of the Complaint and the Complaint's section headings.

**I. JURISDICTION AND VENUE**

1.　Defendants assert that the statements in Paragraph 1 of the Complaint are legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit this Court has jurisdiction over this lawsuit at this time but deny that Plaintiff's claims have any merit.  Defendants deny this Court will retain jurisdiction if the Court refuses to enforce the parties' contractual jury trial waiver and Defendants compel arbitration pursuant to the parties' agreement.  Defendants deny any remaining allegations in Paragraph 1 of the Complaint.

2. Defendants assert that the statements in Paragraph 2 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit this District is the proper venue for this matter but deny any unlawful employment practices or other activity occurred. Defendants deny any remaining allegations in Paragraph 2 of the Complaint.

## II.  PARTIES

3. Defendants admit Plaintiff is a female, but are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 3 of the Complaint and, therefore, deny same.

4. Defendants deny that GENBAND US LLC has been properly named in Paragraph 4 of the Complaint. Defendants admit GENBAND US LLC does business in the state of Texas and that its registered agent for service in Texas is Corporation Service Company. Plaintiff's allegations regarding proper service are legal conclusions to which no response is required; to the extent a response is required, Defendants deny same. Defendants deny the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit GENBAND Management Services Corp. is a Delaware corporation and that it does business in Texas at 2801 Network Blvd. #300, Frisco, TX 75034. Defendants admit David Walsh is GENBAND Management Services Corp.'s President and CEO. Plaintiff's allegations regarding proper service are legal conclusions to which no response is required; to the extent a response is required, Defendants deny same. Defendants deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit GENBAND Holdings Company is a Cayman Island exempted company limited by shares. Defendants admit David Walsh is GENBAND Holdings

Company's President and CEO. Plaintiff's allegations regarding proper service are legal conclusions to which no response is required; to the extent a response is required, Defendants deny same. Defendants deny the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

### III. FACTUAL BACKGROUND

8. [sic] Defendants admit the allegations in the first, second and third sentences of Paragraph 8 of Plaintiff's Complaint. Defendants deny the allegations in the final sentence of Paragraph 8

9. Defendants GENBAND Management Services Corporation ("GENBAND Mgmt.") and GENBAND US LLC ("GENBAND") admit they are employers within the meaning of Title VII, 49 U.S.C. § 2000e(b), and Tex. Lab. Code §21.002(8). GENBAND Holdings Company denies that it meets the definition of "employer" under 29 U.S.C. §2000e(b), and Tex. Lab. Code §21.002(8). Defendants deny any remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit Plaintiff is a female who, like many American citizens and non-American citizens alike, speaks with an accent. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 10 of the Complaint and, therefore, deny same.

11. Defendants admit GENBAND hired Plaintiff in 2008 as Vice President of Product Line Management and terminated her in April 2010. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit Plaintiff was invited to attend the President's Club trip in 2010 and that it is an "invitation only" paid trip that has been awarded to employees for various reasons. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants admit the first sentence of Paragraph 14 of the Complaint. Defendants further admit Plaintiff became the Vice President of Product Marketing in 2010. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants admit Daryl Raiford was hired as the Chief Financial Officer and Zachary Green was hired as the Chief Legal Officer. Defendants admit Jan Goulding and Shauna Martin previously held executive positions with the company, but deny they were terminated because of the hiring of Mr. Raiford and Mr. Green. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit Mark Pugerude supervised Plaintiff for a short period of time in 2012. Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants admit Plaintiff and Mark Pugerude communicated via email on September 26, 2012, but deny that the allegations in Paragraph 19 of the Complaint accurately portray the communications between Plaintiff and Mark Pugerude on this matter. Defendants deny any remaining allegations in Paragraph 19 of the Complaint.

20. Defendants admit Plaintiff and Mark Pugerude communicated via email on September 26, 2012, but deny that the allegations in Paragraph 20 of the Complaint accurately portray the communications between Plaintiff and Mark Pugerude on this matter. Defendants deny any remaining allegations in Paragraph 20 of the Complaint.

21. Defendants admit Bethe Strickland was terminated, but deny the remaining allegations in Paragraph 21 of the Complaint.

22. Defendants admit Plaintiff became the Vice President of Corporate Development in July 2012 and that Daryl Raiford was her supervisor in this position. Defendants further admit that Sam Waicberg became the CMO and reported directly to Charlie Vogt, but deny it was "[a] couple of months later." Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23. Defendants admit Plaintiff was not a Senior Vice President and that John McCready and Shailin Sehgal were both Senior Vice Presidents. Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24. Defendants admit that an employee who reported to Plaintiff resigned and was not replaced. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants admit John Emery was engaged by the company in relation to a certain transaction. Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants admit that during a telephone call Zach Green heard a male representative of Ventraq call him a "bully." Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendants admit Sara Hughes reported to Plaintiff when Plaintiff was Vice President of Product Marketing. Defendants further admit Ms. Hughes was selected as the company's employee of the year in 2011. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants admit that Charlie Vogt's wife worked at GENBAND. Defendants further admit that Mr. Vogt viewed dual-income families where both the male and female worked positively. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33. Defendants admit Plaintiff received a raise in 2013. Defendants further admit Plaintiff raised questions about what she perceived to be pay disparities between men and women. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34. Defendants admit Plaintiff previously supervised Natasha Guytan. Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35. Defendants admit Mr. Vogt addressed performance issues related to the tekVision acquisition with Plaintiff. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit that Daryl Raiford expressed his discontent to Plaintiff on April 9, 2013 due to her failure to prepare necessary information previously requested by Mr. Raiford. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38. Defendants admit that Daryl Raiford met with Plaintiff on April 10, 2013, and informed Plaintiff that she was being terminated. Defendants deny any remaining allegations in Paragraph 38 of the Complaint.

39. Defendants are without sufficient information and knowledge to admit or deny the allegations regarding Plaintiff's state of mind in Paragraph 39 of the Complaint and, therefore, deny same. Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

**DEFENDANTS' ORIGINAL ANSWER AND DEFENSES**
**TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**                                          **PAGE 6**

40. Defendants admit that Daryl Raiford communicated Plaintiff's termination to her at a meeting on April 10, 2013. Defendants further admit that, because Plaintiff had a vacation day scheduled for April 12, 2013, her last working day at the company was April 11, 2013. Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41. Defendants admit Charlie Vogt sent emails on April 10, 2013 that included (but was not limited to) the statements Plaintiff places in quotes in Paragraph 41 of the Complaint. Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42. Defendants admit Plaintiff is not a man. Defendants are without sufficient information and knowledge to admit or deny where Plaintiff was born and, therefore, deny same. Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43. Defendants admit John McCready assumed Plaintiff's job duties in addition to other job duties, became the Chief Strategy Officer, and reported directly to Charlie Vogt. Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44. Defendants admit that Plaintiff was offered a separation agreement that included an offer of a separation payment as well as standard terms for such agreements, including but not limited to a release of any claims Plaintiff believed she may have against Defendants. Defendants further admit Plaintiff did not sign the separation agreement. Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants are without sufficient information and knowledge as to the date on which Plaintiff filed her charge of discrimination and whether Plaintiff has requested a right to sue notice; therefore, Defendants deny same. Defendants admit more than 180 days have

elapsed since Plaintiff filed her charge of discrimination. Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

## IV.  CAUSES OF ACTION

47. Defendants re-allege and incorporate their answers in Paragraphs 1 through 46 as if fully stated herein.

48. Paragraph 48 of the Complaint constitutes a legal conclusion to which no answer is required; to the extent an answer is required, Defendants deny same.

49. The second sentence of Paragraph 49 of the Complaint constitutes a legal conclusion to which no answer is required; to the extent an answer is required, Defendants deny same. Defendants deny the remaining allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint constitutes a legal conclusion to which no answer is required; to the extent an answer is required, Defendants deny same.

52. Defendants admit Plaintiff purports to seek attorney's fees and costs in this matter, but deny she is entitled to any relief. Defendants deny the remaining allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants re-allege their answers in the above paragraphs as if fully stated herein.

55. Paragraph 55 of the Complaint constitutes a legal conclusion to which no answer is required; to the extent an answer is required, Defendants deny same.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint constitutes a legal conclusion to which no answer is required; to the extent an answer is required, Defendants deny same.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

## V.  JURY DEMAND

60. Defendants admit Plaintiff has demanded a jury trial, but denies she is entitled to a jury trial or any relief requested herein.

## VI.  PRAYER

Defendants admit Plaintiff purports to seek the relief requested in subparagraphs a. through k., but denies Plaintiff is entitled to any relief in this lawsuit.  Defendants deny any remaining allegations in the un-numbered paragraph and subparagraphs in this section.

## AFFIRMATIVE AND OTHER DEFENSES

1. With respect to some or all of Plaintiff's claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust administrative remedies with regard to some or all of the claims contained in the Complaint.

3. Plaintiff failed to meet the administrative prerequisites necessary to file some or all of the claims contained in the Complaint.

4. Some or all of Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any related Charge of Discrimination filed with the EEOC.

5. All actions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, nonretaliatory, and reasonable business reasons that were in no way related to

Plaintiff's gender, national origin, alleged protected activity, or any other category protected by law and there is no genuine issue of material fact to the contrary.

6. Defendants had in place a clear and well disseminated policy against discrimination and retaliation and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants or to otherwise avoid harm, Plaintiff's claims of alleged discrimination and retaliation are barred.

7. If Plaintiff is able to show any discrimination occurred, which Defendants deny, Defendants assert in the alternative they would have taken the same action against Plaintiff regardless of any alleged discriminatory motive.

8. If any improper, illegal, or discriminatory act was taken by an employee of Defendants against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendants' policies, and was not ratified, confirmed, or approved by Defendants. Thus, any such actions cannot be attributed or imputed to Defendants.

9. Any improper, illegal, or discriminatory actions by any employee of Defendants was an independent, intervening, and unforeseeable act that was not ratified, confirmed, or approved by Defendants and thus cannot be attributed or imputed to Defendants.

10. Defendants did not have actual or constructive knowledge of some or all of the alleged discriminatory or illegal acts alleged in Plaintiff's Complaint at any time material to the Complaint.

11. Plaintiff's claim for damages is barred in whole or in part by her failure to mitigate her alleged damages, or in the alternative, to the extent Plaintiff has mitigated her damages, Defendants are entitled to offset those amounts she has earned.

12. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

13. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

14. Defendants did not act with any of the requisite intent to support any of Plaintiff's claims for punitive damages.

15. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendants, Defendants plead the due process limitations on punitive/exemplary damages outlined by the Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

16. Defendants engaged in good faith efforts to comply with civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of federal law, and therefore, Plaintiff fails to state a claim for punitive or liquidated damages.

17. Plaintiff's claims for damages are subject to statutory damages caps.

18. Plaintiff is not entitled to a jury trial because she voluntarily and knowingly executed a waiver of her right to a jury trial in a contractual agreement with Defendants. In the event the Court refuses to enforce Plaintiff's waiver, Defendants reserve their right to compel arbitration pursuant to the terms of the parties' contractual agreement.

**TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**                                                               **PAGE 11**

19. Defendants reserve the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, having fully answered Plaintiff's Original Complaint, Defendants request that the Complaint be dismissed with prejudice and that Defendants be awarded their costs, attorneys' fees and such other relief as may be just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ Angela D. Green
Angela D. Green
Texas Bar No. 24040695
angela.green@ogletreedeakins.com
Amanda A. Williams
Texas Bar No. 24065281
amanda.williams@ogletreedeakins.com
8117 Preston Road, Suite 500
Dallas, Texas 75225
214.987.3800
214.987.3927 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on May 8, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to counsel for Plaintiff, an ECF registrant.

/s/ Angela D. Green
Angela D. Green

16137662.1